Susan J. Welde (SBN 205401)
 swelde@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, Ninth Floor
Los Angeles, California 90017-4613
Telephone: (213) 623-7400
Facsimile: (213) 623-6336

Gregory L. Mast, Esq.(admitted *pro hac vice*)
 gmast@fieldshowell.com
Taryn M. Kadar, Esq. (admitted *pro hac vice*)
 tkadar@fieldshowell.com
**FIELDS HOWELL LLP**
1180 W. Peachtree Street NW, Suite 1600
Atlanta, GA  30309
Telephone: (404)214-1271
Facsimile: (404)214-1251

Attorneys for Plaintiff, FLECTAT LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLECTAT LIMITED,<br><br>            Plaintiff,<br><br>     vs.<br><br>WILKINS MELIAN, BRIAN DAVID FLUCHT, ARTEMIS GROUP, LLC, D/B/A ARTEMIS DEFENSE INSTITUTE, SANDY E. SUNU LIEBERMAN, STEVEN D. LIEBERMAN, PRADO FAMILY SHOOTING RANGE, INC., D/B/A PRADO OLYMPIC SHOOTING PARK, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>            Defendants. | CASE NO. 8:20-cv-00491 MCS(JDEx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TARYN KADAR, ESQ. AND BRUCE LAWRENCE; [PROPOSED JUDGMENT]**<br><br>The Hon. Mark C. Scarsi<br><br>Date:  April 19, 2021<br>Time:  9:00 a.m.<br>Dept:  7C |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN THAT on April 19, 2021, at 9:00 a.m., before the Honorable Mark C. Scarsi, in Courtroom 7C of the United States Courthouse for the Central District of California, located at 350 W. First Street, Los Angeles, CA 90012, Plaintiff Flectat Limited will and hereby does move the Court for an Order directing Summary Judgment in its favor pursuant to Federal Rule of Civil Procedure 56. Pursuant to Local Rule 7-3, on March 12, 2021, counsel for Plaintiff scheduled a conference call with counsel for all Defendants to meet and confer regarding the subject motion. Counsel were unable to reach a resolution. As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested. The insurance policy issued by Flectat Limited does not provide coverage for the claims asserted in the subject underlying action and Flectat Limited is this entitled to Declaratory Relief finding that no coverage exists under its policy.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this Motion.

DATED: March 18, 2021             **MURCHISON & CUMMING, LLP**

By:     /s/ Susan J. Welde
          Susan J. Welde
          Attorneys for Plaintiff, FLECTAT
          LIMITED

# MEMORANDDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This matter is a coverage dispute which arises out of claims by Defendants Artemis Group, LLC d/b/a Artemis Defense Institute ("Artemis"), Sandy E. Sunu Lieberman ("Mrs. Lieberman"), Steven D. Lieberman ("Mr. Lieberman")[1] and Prado Family Shooting Range, Inc. d/b/a Prado Olympic Shooting Park ("Prado") that Flectat owes defense and indemnity in connection with an underlying action styled *Melian v. Artemis, et al.*, Civil Action No. 30-2019-01095944-CU-PO-CJC, pending in the Superior Court of the State of California, County of Orange – Central Justice Center (the "Underlying Lawsuit"). Artemis, the Liebermans, and Prado requested Flectat provide them with a defense and indemnification in the Underlying Lawsuit under a policy of insurance subscribed to by Flectat.

Flectat filed this action seeking a declaration that it has no duty to defend or indemnify any of the Defendants in the Underlying Lawsuit under the policy. The policy contains an unambiguous exclusion barring coverage for bodily injuries arising out of professional services, including, but not limited to, firearms instruction. Per the allegations of the Underlying Lawsuit, the injuries of the underlying Plaintiff, Wilkins Melian, arose out of professional services being conducted at Prado, during firearms

---

[1] For clarity purposes, Artemis, Mr. Lieberman and Mrs. Lieberman are hereinafter referred to collectively as the "Shooting Club Defendants." All other Defendants are collectively referred as "Non-Shooting Club Defendants."

training and instruction given by Artemis as directed by Mr. and Mrs. Lieberman. Because Mr. Melian's injuries arose out of professional services provided by Artemis and Mr. and Mrs. Lieberman at Prado, and through an activity definitively contemplated by the professional services exclusion, there is no coverage for the Underlying Lawsuit as a matter of law. Further, the Non-Shooting Club Defendants are not additional insureds under the policy.

Accordingly, Flectat is entitled to summary judgment and a declaration that it has no duty to defend or indemnify the Defendants against the Underlying Lawsuit.

## II.     STATEMENT OF UNCONTROVERTED FACTS

### A.     The Policy

Flectat subscribed to the policy number L201827992, which provided Artemis commercial property and general liability coverage, subject to the policy's terms, conditions, limitations, and exclusions, from January 7, 2018, to January 7, 2019 (the "Policy"). (Statement of Uncontroverted Facts and Conclusions of Law ("SUF"), attached as Exhibit A, ¶ 1.)  Mr. and Mrs. Lieberman are additional insureds under the Policy. (*Id.*) Prado was added as an Additional Insured on the Policy via an endorsement, effective on July 26, 2018, after the date of the loss alleged in the Underlying Lawsuit. (SUF, ¶ 2.)

The Policy provides, in relevant part:

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

(SUF, ¶ 3.)

The Policy provides that:

> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period;
>
> \*\*\*

(SUF, ¶ 4.) The Policy defines "occurrence" as "an accident or series of accidents, including continuous or repeated exposure to substantially the same general harmful conditions." (SUF, ¶ 5.)

The Policy precludes coverage for claims due to the insured rendering or failure to render professional services. Specifically, the Policy provides, in relevant part:

> **ADDITIONAL EXCLUSIONS APPLICABLE TO COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, COVERAGE C MEDICAL PAYMENTS**
>
> This insurance does not apply to:
>
> \*\*\*
>
> **6. Professional Liability "Bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render a professional service relating to the following:**
>
> a. Firearms Instruction
> b. Self Defense Instruction
> c. Refuse to be a Victim Instruction
> d. Gunsmith Apprenticeships or Training
> e. Reloading Instruction

(SUF, ¶ 6.) The Professional Liability exclusion also applies to additional insureds, as provided in the additional insured endorsement:

> K. Exclusion:
>
> With respect to the insurance afforded the additional insured by this endorsement, the following additional exclusion applies:
>
> This insurance does not apply to:
>
> \*\*\*
>
> 2. "Bodily injury," "property damage," "personal and advertising injury" caused by the rendering of or failure to render any professional services.

(SUF, ¶ 7.)

The Policy's additional insured coverage provides:

> A. SECTION II – WHO IS AN INSURED, is amended to include as an additional insured any person(s) or organization(s) shown in the Schedule or on a Certificate of Insurance issued by the Company, whom you are required to add as an additional insured to this policy by a written contract or agreement that:
>
> 1. Is currently in effect, or becoming effective, during the term of this policy; and
>
> 2. Was executed by you prior to any "bodily injury," "property damage," "personal and advertising injury."
>
> B. The insurance provided to the additional insured by this endorsement applies as follows:
>
> 1. That person or organization is an additional insured, but only with respect to "bodily injury", "property damage", or "personal and advertising injury" caused, in whole or in part, by your negligent acts or omissions:
>
>     a. In connection with premises you own, rent, lease or occupy; or

      b. In the performance of our ongoing operations.

2. There is no coverage for the additional insured for "bodily injury", "property damage", or "personal and advertising injury" arising out of the sole negligence of the additional insured or by those acting on behalf of the additional insured.

***

If a claim involves some conduct on the part of the Named Insured and some on the part of the Additional Insured, Flectat will only contribute on a pro rata basis, to the extent the Additional Insured has other responsive insurance coverage.

(SUF, ¶ 8.)

### B. The Underlying Lawsuit

On or about September 5, 2019, Wilkins Melian ("Mr. Melian") filed the Underlying Lawsuit. (SUF, ¶ 9.) The Underlying Lawsuit alleges that Mr. Melian was a participant in a live-fire training session of a concealed carry weapons course provided by Artemis on July 22, 2018 at Prado Olympic Shooting Park in Chino, California. (SUF, ¶ 10.) The live-fire training session was supervised and led by Mr. Lieberman with other Artemis employed instructors assisting with supervision and instruction. (SUF, ¶ 11.) The Lawsuit alleges that Mr. Melian "was instructed to go to the handgun shooting range located at [Prado] and prepare to fire his handgun at paper targets while standing at the shooting line." (SUF, ¶ 12.)

Brian David Flucht ("Mr. Flucht") also attended the live-fire training course and brought his antique Colt .45 firearm, which is over 100 years old. According to the Lawsuit, instructors of Artemis under the supervision of Mr. Lieberman inspected the

firearm. After inspecting the firearm, Mr. Lieberman and other Artemis instructors allowed Mr. Flucht to shoot the antique firearm. (SUF, ¶ 13.) The Underlying Lawsuit alleges that when Mr. Flucht fired his first shot with the revolver a couple lanes away from Mr. Melian, the firearm exploded in his hand, and a piece of the revolver pierced Mr. Melian's chest cavity (the "Incident"). (SUF, ¶ 14.)

The Underlying Lawsuit alleges gross negligence against the Shooting Club Defendants and Prado, and premises liability against Prado, for allegedly allowing Mr. Flucht to fire his firearm during the firearm class and failing "to protect [Mr. Melian] from being exposed to the inherent dangers of firing antique weapons during a concealed carry course." (SUF, ¶ 15.) The Underlying Lawsuit further alleges the Defendants' actions "[were] grossly negligent and an extreme departure from the established industry standard of concealed weapons carry courses, and instruction." (SUF, ¶ 16.)

Upon notice of the claim under the Policy regarding the Incident, Flectat issued an initial reservation of rights letter to Artemis on October 15, 2018. (SUF, ¶ 17.) Following the initiation of the Underlying Lawsuit, Flectat issued a supplemental reservation of rights letter to the Shooting Club Defendants on December 5, 2019, agreeing to defend Artemis, as the insured, and Mr. and Mrs. Lieberman, as owners of the insured, in the Underlying Lawsuit. (SUF, ¶ 18.)

On January 15, 2020, Prado issued correspondence to Lockton and Adrienne D. Cohen, Esq., seeking coverage as an additional insured under the Policy. (SUF, ¶ 19.)

Flectat denied coverage to Prado on March 16, 2020, as Prado was not added as an additional insured under the Policy until four days after the Incident took place. (SUF, ¶ 20.)

Thereafter, Flectat filed this instant action seeking a declaration from this Court that it does not have a duty under the Policy to defend or indemnify any of the Defendants against the Underlying Lawsuit based on the Professional Liability exclusion. (SUF, ¶ 21.) Flectat also seeks a declaration that neither Prado nor Mr. Flucht were insureds under the Policy at the time of the Incident. (SUF, ¶ 22.)

Flectat is entitled to judgment as a matter of law based on the plain language of the Policy and the uncontested facts.

### III. STANDARD OF REVIEW

A motion for summary judgment should be granted if there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. (56)(a); *Munoz v. Mabus*, 630 F.3d 856, 869 (9th Cir. 2010). "Only genuine disputes over facts that might affect the outcome of the suit…will preclude entry of summary judgment." *Uriarte-Limon v. Castro*, No. 2:19-cv-04691-SVW-SS, 2019 WL 6792809, at *1 (C.D. Ca. 2019).

Whether a liability policy provides coverage is determined "by comparing the allegations of the complaint with the terms of the policy. *Shepardson Eng'g Assocs., Inc. v. Cont'l Ins. Companies*, 21 F.3d 1115, 1994 WL 134678, at *1 (9th Cir. 1994). "[I]f, as a matter of law, neither the complaint nor the known extrinsic facts indicate

any basis for potential coverage, the duty to defend does not arise in the first instance." *Sempra Energy v. Associated Electric and Gas Ins. Servs. Limited*, 473 F. Supp. 1052, 1060 (C.D. Cal. 2020) (internal quotations omitted). Further, "the insurer's duty to defend does not extend to claims for which there is no potential for liability coverage under the policy; this includes claims which fall outside the scope of the policy or are expressly excluded under the policy." *Kaufman v. Chubb Limited*, 386 F. Supp. 3d 1270, 1275 (C.D. Cal. 2019). "[A]n insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at a some future date." *Id.* (internal quotations omitted).

### IV.   ARGUMENT

Flectat is entitled to summary judgment because it is indisputable that coverage is not afforded under the Policy. California law does not require insurers to provide boundless liability coverage to their insureds. Instead, California law permits insurers to limit the coverage provided to insureds by exclusions. An insured, such as Artemis, has the options to choose from a variety of coverages based on their specific needs. Here, Artemis' Policy contains an unambiguous and enforceable professional liability exclusion. The Underlying Lawsuit claims the Defendants were grossly negligent and are liable for Mr. Melian's bodily injury that occurred during the live-fire training course being conducted by the Shooting Club Defendants at Prado. The bodily injury occurred when the Defendants were rendering professional services related to firearm

instruction. The professional liability exclusion in the Policy specifically excludes such loss from coverage. Thus, coverage is not afforded under the Policy for the Defendants. Further, the Non-Shooting Club Defendants were not additional insureds under the Policy at the time of the Incident. Even if the Non-Shooting Club Defendants were considered additional insureds, the professional liability exclusion would likewise apply to preclude coverage. Thus, Flectat is entitled to summary judgment and a declaration that it has no duty to defend or indemnify the Defendants in the Underlying Suit.

### A. The Professional Liability Exclusion Applies to Exclude Coverage

The Policy contains a professional liability exclusion which precludes coverage of liability for bodily injury "due to the rendering of or failure to render a professional service relating to…[f[irearms [i]nstruction." (SUF, ¶ 6.) These exclusions are unambiguous and enforceable. *See Shepardson Eng'g*, 1994 WL 134678, at *3. Further, a commercial general liability policy "is intended to cover *general* liability, not an insured's professional or business skill." *Energy Ins. Mutual Ltd. V. Ace Am. Ins. Co*., 14 Cal.App.5th 281, 292 (2017) (interpreting a professional liability exclusion).

California courts have interpreted "Professional services" as those "arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual,

11
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

rather than physical or manual." *Tradewinds Escrow, Inc. v. Truck Ins. Exchange,* 97 Cal.App. 4th 704, 713 (2002) (internal quotation omitted). "Professional services" is broader than the term "profession" and differentiates an activity done for compensation from a past-time activity. *Id*; *Hollingsworth v. Commercial Union Ins. Co.*, 208 Cal.App.3d 800, 807 (1989). California courts have also found that the professional services exclusion applies when bodily injury merely occurs during the rendering of the professional services. *See Antles v. Aetna Cas & Surety Co.*, 221 Cal.App. 2d 438 (1963) (holding the professional liability exclusion applied where a treatment lamp fell on the claimant during a chiropractic visit); *Hollingsworth*, 208 Cal. App., at 362 (applying the professional liability exclusion to exclude bodily injury occurring during services "offered to benefit financially [the insured's] interest in the enterprise").

The Underlying Lawsuit alleges the Defendants, licensed and authorized firearms instructors, were grossly negligent for allowing Mr. Flucht to shoot the firearm and failed to protect Mr. Melian during the live-fire firearm session. (SUF, ¶¶ 15-16.) In *Hollingsworth*, the court found that the insured, a beauty store that offers ear piercing services, was conducting professional services at the time an ear piercing went array. The court found ear piercing constituted a professional service "in the sense that it constitutes an aspect of the cosmetic sales profession and that it was done for and in anticipation of some form of financial gain." *Hollingsworth*, 208 Cal.App.3d 800, 809 (1989). Similarly, here, the Defendants conducted the training as part of their

profession as firearm training and defense providers and the training was done for remuneration.

More so, the Defendants had specialized knowledge in firearms and firearms training that ordinary people do not possess. California courts have found a requirement to complete continuing training and education courses to retain a certification as indicative of professional services. *Bay One Security*, 2018 WL 1730425 at *4. The Underlying Lawsuit alleges the instructors for Artemis were leading, supervising, and instructing a firearms course. (SUF, ¶¶ 10-11.) Thus, the Underlying Lawsuit alleges the Shooting Club Defendants departed from the established industry standard of concealed weapons carry courses. (SUF, ¶ 16.) This specialized knowledge was further used when instructors, supervised by Mr. Lieberman, inspected Mr. Flucht's firearm to determine whether Mr. Flucht could use the firearm during the session. (SUF, ¶ 13.) The Underlying Lawsuit alleges the Defendants allowed Mr. Flucht to use the firearm, which caused Mr. Melian's injury. (SUF, ¶ 15.) Given the advanced training and qualifications of the instructors, the Shooting Club Defendants possessed "specialized knowledge, labor, or skill." While using this specialized knowledge and skill during the firearm training class, Mr. Melian was injured. Thus, because the Defendants' professional services relating to firearms instructions led to the Incident, the professional liability exclusion applies to preclude coverage for the Defendants for the Underlying Lawsuit.

Further, given California law's broad interpretation of the professional liability exclusion, the Defendants did not have to be the party who directly harmed Mr. Melian for the professional liability exclusion to apply. "[C]ourts have held numerous circumstances fall within the exclusion for professional services…with the unifying factor being whether the injury occurred during the performance of the professional services, not the instrumentality of the injury." *Tradewinds Escrow, Inc.,* 97 Cal.App.4th, at 713; *see also Great Am. Ins. Co. v. Sequoia Ins. Co.*, No. CV 16-9456-GW(SSx), 2017 WL 5643547, at *10 (C.D. Cal. Aug. 21, 2017) (noting the professional liability exclusion applies where the injury occurs during the rendering of professional services"). For example, in *Antles*, the court applied the professional liability exclusion where the claimant was injured when a heating lamp fell from the wall during treatment at the insured chiropractor. 221 Cal.App.2d 438, 443 (1963). However, at the time the lamp fell, the chiropractor was across the room only observing. Thus, even though the chiropractor did not directly injure the claimant and was only observing at the time of the injury, the court still applied the professional liability exclusion, because the injury occurred during the rendering of professional services. Thus, California courts have interpreted the professional liability exclusion broadly to include any "acts committed during the performance of professional services." *Tradewinds Escrow, Inc.*, 97 Cal.App.4th, at 713. Similarly, here the Defendants did not directly injure Mr. Melian but were actively conducting and supervising a firearms instruction class, which, as discussed previously, are

professional services. Thus, even though it was Mr. Flucht's firearm that injured Mr. Melian, the injury still occurred during the rendering of Defendants' professional services relating to firearms instruction.

Therefore, because the Defendants live-action firearm session was within the Defendants' profession of firearms training and because the Defendants had specialized knowledge, training and skill, the Defendants were rendering professional services during the Incident, which led to Mr. Melian's injury. Therefore, the professional liability exclusion applies to preclude coverage for the Defendants. Accordingly, Flectat is entitled to summary judgment and a declaration that it has no duty to defend or indemnify the Defendants.

### B. The Non-Shooting Club Defendants Are Not Additional Insureds Under the Policy

As for the claim by the Non-Shooting Club Defendants for defense and indemnity, these entities are not additional insureds under the Policy. The Policy's additional insured coverage provides:

> A. SECTION II – WHO IS AN INSURED, is amended to include as an additional insured any person(s) or organization(s) shown in the Schedule or on a Certificate of Insurance issued by the Company, whom you are required to add as an additional insured to this policy by a written contract or agreement that:
>
> 1. Is currently in effect, or becoming effective, during the term of this policy; and
>
> 2. Was executed by you prior to any "bodily injury," "property damage," "personal and advertising injury."

(SUF, ¶ 8.) The Non-Shooting Club Defendants are not listed on the schedule of insureds in the Policy. (*See* SUF, ¶ 1.) Additionally, there is no evidence that at the time of the Incident, a contract between the Non-Shooting Club Defendants and Artemis existed. Prado was added as an Additional Insured on the Policy via an endorsement, effective on July 26, 2018, which is four days after the Incident took place. (SUF, ¶ 2.) Thus, Prado was not added as an additional insured under the Policy until after the Incident took place. Therefore, coverage is not afforded to Prado under the Policy.

The Professional Liability exclusion also applies to additional insureds, as provided in the additional insured endorsement:

> K.   Exclusion:
>
> With respect to the insurance afforded the additional insured by this endorsement, the following additional exclusion applies:
>
> This insurance does not apply to:
>
> ***
>
> 2. "Bodily injury," "property damage," "personal and advertising injury" caused by the rendering of or failure to render any professional services.

(SUF, ¶ 7.) Thus, even if Prado is considered an additional insured under the Policy, the professional liability exclusion also applies to Prado and applies for the same reasons discussed above in Section IV. A.

///

///

## V. CONCLUSION

For the foregoing reasons, Flectat respectfully requests the Court enter judgment as a matter of law that coverage is not afforded for the Defendants under the Policy and Flectat has no duty to defend or indemnify the Defendants against the Underlying Lawsuit.

DATED: March 22, 2021              **MURCHISON & CUMMING, LLP**

                                   By:      /s/ Susan J. Welde
                                        Susan J. Welde
                                        Attorneys for Plaintiff, FLECTAT
                                        LIMITED

# PROOF OF SERVICE

**Flectat Limited vs. Artemis Defense Group**
**8:20-cv-00491 MCS (JDEx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, Ninth Floor, Los Angeles, CA 90017-4613.

On March 22, 2021, I served true copies of the following document(s) described as **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TARYN KADAR, ESQ. AND BRUCE LAWRENCE; [PROPOSED JUDGMENT]** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 22, 2021, at Los Angeles, California.

Roxanne Lopez

**SERVICE LIST**
**Flectat Limited vs. Artemis Defense Group**
**8:20-cv-00491 MCS (JDEx)**

| | |
|---|---|
| Cosmo Taormina, Esq.<br>Law Offices of Cosmo Taormina<br>377 S. Glassell Street, Ste 100<br>Orange, CA 92866<br>Telephone: (714) 734-9906<br>Facsimile: (949) 544-0222<br>E-Mail: cosmo@cosmolaw.com | Attorney for Defendants, ARTEMIS GROUP, LLC dba ARTEMIS DEFENSE INSTITUTE, SANDY SUNU LIEBERMAN and STEVEN D. LIBERMAN |
| Robert T. Mackey, Esq.<br>Gregory Selarz, Esq.<br>Veatch Carlson, LLP<br>1055 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA 90017-2444<br>Telephone: 213-381-2861<br>Facsimile: 213-383-6370<br>E-Mail: rmackey@veatchfirm.com | Attorney for Defendant, BRIAN DAVID FLUCHT |
| Lisa Darling-Alderton, Esq.<br>Katy Nelson, Esq.<br>Woolls Peer Dollinger & Scher<br>624 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90017-3876<br>Telephone: 213-629-1600<br>E-Mail: lalderton@wpdslaw.com<br>E-Mail: knelson@wpdslaw.com | PRADO FAMILY SHOOTING RANGE, INC. dba PRADO OLYMPIC SHOOTING PARK |